895 F.2d 1468
 283 U.S.App.D.C. 46
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Eddie L. ALSTON, Appellant.
 No. 89-3060.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 16, 1990.
 
 Before RUTH B. GINSBURG, WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Eddie Lee Alston appeals his conviction for carrying a pistol without a license, in violation of D.C.Code Sec. 22-3204. He argues that the district court was incorrect in denying his motion to suppress physical evidence and statements. This case, however, is governed by New York v. Belton, 453 U.S. 454 (1980), where the Supreme Court established a bright-line rule that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. at 460. See also United States v. Fafowara, 865 F.2d 360, 362 (D.C.Cir.1989). Under Belton, the Special Agents, having lawfully arrested Alston on a warrant for passport fraud, were justified, contemporaneously, in searching the passenger compartment of the automobile Alston had occupied. We are not at liberty to blur the bright line by distinguishing arrests on the highway from those in town. The motion to suppress the weapon, therefore, was properly denied. Because Alston's challenge to the admission of his statements presupposes the illegality of the automobile search, that challenge must also be rejected.